UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIONELL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 7520 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Matthew F. Kennelly |
| COOK COUNTY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, the Defendant C/O DANIELS, by and through her attorney, ANITA ALVAREZ, State's Attorney of Cook County, through BRIAN M. CASEY, Assistant State's Attorney, and submits this Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint as follows:

## STATEMENT OF CLAIM

1. On 8/9/14 I was transfer from Cermak Division 8 to Division 2 Dorm 2N House, I was not transfer for disciplinary, nor threats to myself or others while being incarcerated since 2012 I'm legally and physically disable, and have been housed since 2012 to medical Tiers.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 1.

2. On August 15, 2014 on the 3 pm-11 pm shift I was only at This time housed in Dorm 2N House 6 days without knowledge or knowing any of the C/O's. At this time the day room is open when the T.V. and phones are on, that's when we can enter the dayroom for privileges.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 2.

3. One this occur I proceeded to ask a question of one of the assign C/O's to 2N since count was clear, while attempting to speak with unknown C/O I became a target to C/O Daniels onslaught of physical and verbal assault.

**ANSWER:** Defendant denies the allegations contained in paragraph 3.

4. While trying to explain to this C/O Daniels that I was just transfer from another Division and was only trying to ask if the worker that's a detainee could heat my food before I could explain I became a sounding board for her profanity call everything Including offending and attacking my family verbally.

**ANSWER:** Defendant denies the allegations contained in paragraph 4.

5. C/O Daniels then began to attack me physically because I believe I didn't pose a threat of aggression to her so that's when she began placing her hands on me by poking her finger's aggressively in my chest, and then with the palm of her open hand began pinching me in my forehead with a force that cause my head and neck to snap back and forth.

**ANSWER:** Defendant denies the allegations contained in paragraph 5.

6. I suffer from a spinal injury and am a recovering (I being paralyzed from neck down, I'm a tetraplegia. C/O Daniels cause severe pain to the physical attack to my head and neck. This was inappropriate and unethical behavior which was not provoked by me.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the Plaintiff's medical condition. Defendant denies the remaining allegations contained in paragraph 6.

7. After C/O Daniels on slought I requested a Supervisor as C/O Daniels was exiting the tier, that's when C/O Daniels spun around and said "Quote un Quote" Take this to you Moma and spit in my face, which was unprofessional behavior and was undeserve, I don't think this is part of Cook County Jail training to teach one to put their hands or spit on any one.

**ANSWER:** Defendant denies the allegations contained in paragraph 7.

8. This was in humane treatment and duress to myself. I did not bring this or any of this unwanted treatment on myself and family which also was assaulted verbally, nor did I cause C/O Daniels any reason to disrespect me by spitting, poking or hitting me with her fingers and palm of hand in my chest and forehead causing my head and neck to snap back with C/O Daniels physical assault on me.

**ANSWER:** Defendant denies the allegations contained in paragraph 8.

9. To spit on me was the lowest treatment to any human being C/O Daniels assaulted my medical and mental consciousness by further denying Medical attention for 28-29 days without knowing if I contracted any disease or the extent of my "head and neck" injury.

**ANSWER:** Defendant denies the allegations contained in paragraph 9.

10. To add insult to injury I was placed 13 days later in segregation for ticket that I never knew of, never received nor was ever documented by Cook County jail. Already to be incarcerated but to be in prison on top of this was more suffering "unwanted" I was placed in segregation for 2-1/2 days after being released and told by Superintendent Brown I shouldn't have been locked up In segregation.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 10.

11. But yet to this day still denied medical attention, still uncertain of how Tom Dart and Cook County could allow this type of behavior to go unnoticed. On September 12, 2014, after weeks of still complaining, and putting in medical request slips, it took to be interview by officers of personal review because of my complaint form to be sent to the emergency room only to be denied medical attention in this incident.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 11.

12. Was seen by a Dr. Makhael who disregarded my plea's and complaints of pain and abuse that was now neglected and ignore for 28-29 days by Cook County and now this Dr. Makhael was adding more suffering by refusing to this day to allow any kind of examination or x-rays, only requesting blood be drawn for C/O Daniels spitting on me, ignoring my plea's of pain still this day 9/12/14 telling me and I quote the Dr. you're always in pain with my plea's alone should have Dr. Makhael to perform his duty as a medical Doctor to a patients complaint's

or plea's which was denied me By this Dr. Makhael negligence and prejudice and bias overlooking and not treating because of a C/O.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 12.

13. Grievance was written, Office of Professional Review was sent complaint form, Tom Dart was sent complaint form, OPR interview myself, witnesses that witness this incident names are attach, OPR complaint is attach, and grievance's are attach with all copies to this 1983. Medical request were put in while in Division 2 as well as the RTU Division where I'm now housed. Camera and camcorders are in use and recording my altercation and all Divisions request that all recording and distress calls be held and used in trial and court proceeding.

**ANSWER:** Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 13.

## AFFIRMATIVE DEFENSES

Defendant offers the following affirmative defenses to Plaintiff's allegations:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

2. To the extent that Defendant is named in her official capacity, she is immune from punitive damage awards. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748 (1981).

## **JURY DEMAND**

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:   /s/ *Brian M. Casey*
       Brian M. Casey
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, IL 60602
       (312) 603-3374